UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Cause No.: 1:23-cv-01853 | |
| | ) | |
| $29,730.00 IN UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT OF FORFEITURE IN REM

The United States of America, by counsel, Zachary A. Myers, United States Attorney for

the Southern District of Indiana, and Traci M. Cosby, Assistant United States Attorney, files its

Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime and

Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

## NATURE OF THE CLAIM

1.      The United States of America (the "United States") has commenced this action

pursuant to the civil forfeiture provisions of 21 U.S.C. §§ 881 and 18 U.S.C. 981(a), seeking

forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil action commenced by the United States) and to 28

U.S.C. § 1355 (district courts have original jurisdiction of any action for forfeiture).

3.      This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28

U.S.C. § 1355(b) (forfeiture can be brought in a district in which any of the acts giving rise to the

forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4.     This Court is the appropriate venue in this matter pursuant to 21 U.S.C § 888 (j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

## DEFENDANT

5.     The Defendant is $29,730.00 dollars in United States Currency ("$29,730.00," or "Defendant Property") (Asset Identification Number SSF 21-CBP-000555).

## FACTS

6.     On January 5, 2021, officers with a Parcel/Bulk Cash Smuggling Interdiction Task Force, comprised of the Indiana State Police ("ISP"), the Indianapolis Metropolitan Police Department ("IMPD"), and the Department of Homeland Security, Homeland Security Investigations ("DHS-HSI"), conducted a parcel/bulk cash smuggling interdiction operation at a parcel shipping company hub based in Indianapolis, Indiana.

7.     Parcel/bulk cash smuggling interdiction operations are conducted because it is common for smugglers and individuals involved in controlled substance trafficking to transport illegal controlled substances and their proceeds through shipping companies. Shipping companies are advantageous to the smugglers because they provide the benefits of faster delivery, predictable delivery dates, package tracking, and delivery confirmation. Because of the commonality of this practice, task force officers are trained to identify indicators of suspicious packages. Suspicious packages are typically sent via overnight priority shipping and paid for

with cash. Smugglers will often use addresses, telephone numbers, or names that are falsified or incomplete. Packages sent to known source states for illegal controlled substances (e.g., Texas, Arizona, California) draw suspicions, as do parcels sent from individual to individual, from non-business sender to non-business receiver, and from residence to residence. The use of excessive tape and layers of packaging is an attempt to undermine detection by narcotic detection canines by masking or preventing the odor of controlled substances from emitting from the package. Unlike legitimate business items or personal gifts – which typically contain notes, letters, receipts, cards, or coupons with the cash or monetary instrument – narcotics traffickers rarely include any type of instructions with the proceeds.

8.      During the course of operation, a priority overnight package being shipped by a parcel service with a shipping label attached reflecting a tracking number of 7822 2182 7230 ("Parcel 7230" or the "Package") was identified as suspicious. Parcel 7230 was addressed to Tyrell Walker, 3361 54th Street, San Diego, California, with phone number XXX-XXX-1717. The sender was identified as Febie Branch, 521 Price Street, Reidsville, North Carolina, also with phone number XXX-XXX-1717.

9.      Parcel 7230 drew the attention of Task Force officers and was deemed suspicious for several reasons. First, Parcel 7230 was a newly bought box with extra external tape on the seams. Parcel 7230 was sent using priority overnight delivery. The parcel was paid for with a credit card. The parcel was shipped from an individual to an individual. The parcel was also shipped from a residence to a residence. The parcel had the same telephone number for the sender and receiver. The parcel was being shipped to a source state (California).

10.     A certified drug detection canine, handled by an IMPD Narcotics Detector Canine Handler, inspected Parcel 7230 and other packages. The drug detection canine indicated there

was a controlled substance odor emitting from Parcel 7230. The drug detection canine has been certified since September 2020 and has been trained and certified in the detection, by odor, for marijuana, cocaine, crack cocaine, heroin, MDMA, and methamphetamine. The drug detection canine is trained not to detect uncontaminated currency.

11.     On January 5, 2021, Task Force officers applied for a search warrant to inspect Parcel 7230 based on the suspicious nature of the package and the certified drug detection canine's positive indication. On January 5, 2021, a Marion County Superior Court Magistrate Judge granted the search warrant upon a finding of probable cause.

12.     On January 5, 2021, the Task Force Officers executed the search warrant and opened Parcel 7230. Parcel 7230 was a newly purchased sealed box with extra external tape. Upon opening the external packaging, Task Force Officers found a gift-wrapped box covered with brown paper inside Parcel 7230. The gift-wrapping concealed a cereal box with taped lids. The cereal box contained $29,730.00 in cash in heat-sealed packaging. Specifically, the currency was rubber-banded and packaged in three (3) heat- and vacuum-sealed plastic bags. These heat- and vacuum-sealed bags were surrounded by multiple layers of plastic wrap. (*See Exhibit 1*). As discussed in Paragraph 7 above, multi-layered packaging methods are commonly used by smugglers to attempt to mask the presence of the odor of a controlled substance.

13.     It is against Federal Express shipping policy to ship cash via Federal Express. *See* FedEx Freight 100-V Rules Tariff, at 33, U.S. Section 1, Item 780, Rule 4(f), *available at* https://www.fedex.com/content/dam/fedex/us-united-states/services/FXF_100_Series_Rules _Tariff.pdf.

14.     After the package was opened, officers used a certified drug detection canine to conduct a blind search on the currency. The certified drug detection canine gave a positive

indication of narcotic odor, indicating that the $29,730.00 possessed a threshold of controlled substance contamination.

15. As there was probable cause to seize the currency for violations of federal and state-controlled substance laws, the $29,730.00 was seized and taken into custody by ISP. The currency was converted into a cashier's check and remained in the custody of ISP pending the signing of a turnover order by a Marion County Superior Court Judge in Indianapolis, Indiana.

16. An HSI Special Agent conducted background research on the information listed for Parcel 7230. Database checks were performed in an attempt to gather additional information on the sender and the recipient. The database checks did not reveal any further information for either person.

17. On June 23, 2021, a Marion County Superior Court judge issued an order transferring the Defendant Property to the appropriate federal authority. *See* Order Transferring Property, Marion County Superior Court, Civil Division, Cause Number 49D12-2102-MI-000963 (June 23, 2012). On July 27, 2021, the ISP transferred Defendant Property to CBP.

18. On October 5, 2021, CBP's Fines, Penalties, and Forfeitures Office sent notice letters to the sender and recipient via United Parcel Service in an effort to resolve the matter short of judicial forfeiture.[1] The notice letters requested a response within 30 (thirty) days and instructed that after the 30 (thirty) days had expired, the matter would likely be referred to the United States Attorney's Office for review. To date, neither the sender, nor the receiver have responded to CBP.

## PERTINENT STATUES

19. Under 21 U.S.C. § 841 (a)(1), it shall be unlawful for any person to knowingly or

---

[1] On June 23, 2021, the CBP's Fines, Penalties, and Forfeitures Office inadvertently sent a notice letter to Tyrell Walker. Walker never responded to the June 23, 2021 letter.

intentionally to manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

20.     Under 21 U.S.C. § 881 (a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substance Act, including 21 U.S.C. § 841 (a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

21.     Pursuant to 21 U.S.C. § 881 (a)(6), the $29,730.00 is subject to forfeiture because it constitutes: (1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act, 21 U.S.C. § 841 and 846; (2) proceeds traceable to such an exchange; and/or (3) money intended to be used to facilitate any violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

22.     Based on the factual allegation set forth above, the $29,730.00 is, "moneys…furnished or intended to be furnished by any person in exchange for a controlled substance," and/or "proceeds traceable to such an exchange," and/or "moneys…used or intended to be used to facilitate any violations of the Controlled Substance Act, 21 U.S.C. § 841 and 846. Consequently, the $29,730.00 is forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881 (a)(6).

WHEREFORE, the United States prays that the Clerk of the Court issue a warrant for the arrest of the $29,730.00, Defendant Property, pursuant to Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment

be entered declaring the Defendant Property forfeited to the United States for disposition according to law; and that the United States be granted any additional relief as this Court deems just and proper.

ZACHARY A. MYERS
United States Attorney

By:    */s/ Traci M. Cosby*
Traci Marie Cosby
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: 317-229-6333
Fax: 371-226-5027

7

Exhibit 1








## **VERIFICATION**

I, S/A Kevin Boyle, hereby verify and declare under penalty of perjury that I am a Special Agent for Homeland Security Investigations ("HSI"), that I have read the foregoing Verified Complaint in Rem, and that I know the contents thereof. I further declare that the matters contained in the Complaint are true to my own knowledge, except for those matters stated to be alleged on information and belief, which I believe to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States; information supplied to me by other law enforcement offices; as well as my investigation of this case as a Special Agent with HSI  and in coordination with other law enforcement officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/11/2023

Kevin Boyle, Special Agent
Homeland Security Investigations